**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DERRICK S.[1], | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | Case No. 4:25-cv-01036-SEP |
| | ) | |
| FRANK BISIGNANO, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This is an action under 42 U.S.C. §§ 405(g) for judicial review of the final decision of Defendant Frank Bisignano, the Commissioner of Social Security, denying the application of Plaintiff Derrick S. for Disability Insurance Benefits (DIB) under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.* Because there is substantial evidence to support the decision denying benefits, the Court affirms the Commissioner's denial of Plaintiff's application.

## I. BACKGROUND

In a decision dated December 12, 2003, an Administrative Law Judge (ALJ) found Plaintiff disabled as of November 15, 2001. (Tr. 222, 571-575). The ALJ found that Plaintiff's schizophrenia, marijuana abuse, borderline intellectual functioning, and history of psychosis left him unable to perform sustained work. *Id.* The Commissioner later determined that Plaintiff's condition had improved such that he was no longer disabled under the Act as of September 30, 2020. (Tr. 293-294). On September 30, 2022, Plaintiff filed a request for reinstatement of benefits, (Tr. 303-305, 400-406), but the notice of cessation and denial of benefits was upheld on review, (Tr. 318-323). Plaintiff then filed an application for benefits on December 30, 2022. (Tr. 407-416). On February 14, 2023, Defendant issued a Notice of Disapproved Claim. (Tr. 306-307). Plaintiff filed a timely request for reconsideration on May 5, 2023, (Tr. 314), which was denied on July 21, 2023, (Tr. 293-294, 317-324). Plaintiff then filed a request for a hearing, which was held on March 20, 2024. (Tr. 236-261). The ALJ who presided over the hearing found, in a decision dated June 10, 2024, that Plaintiff had experienced medical improvement

[1] The undersigned has adopted the policy of using only the first name and last initial of nongovernmental parties in Social Security opinions.

such that he was no longer disabled within the meaning of the Act, effective as of September 30, 2020. (Tr. 217-230). Plaintiff filed a Request for Review of Hearing Decision with the SSA Appeals Council, (Tr. 182-184) which denied his request, (Tr. 1-6). Plaintiff has exhausted all administrative remedies, and the decision of the ALJ stands as the final decision of the Social Security Administration.

## II. STANDARD FOR DETERMINING DISABILITY UNDER THE ACT

To be eligible for benefits under the Act, a claimant must prove he is disabled. *Pearsall v. Massanari,* 274 F.3d 1211, 1217 (8th Cir. 2001); *Baker v. Sec'y of Health & Human Servs.*, 955 F.2d 552, 555 (8th Cir. 1992). The Act defines as disabled a person who is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A); 1382c(a)(3)(A); *see also Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010). The impairment must be "of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." 42 U.S.C. §§ 423(d)(2)(A); 1382c(a)(3)(B).

An application for reinstatement of benefits is considered under the "medical improvement review" standard. *See* 20 C.F.R. § 404.1592c (a)(4)(iii). "This 'medical improvement' standard requires the Commissioner to compare a claimant's current condition with the condition existing at the time the claimant was [most recently] found disabled and awarded benefits," which is referred to as the "comparison point decision" (CPD). *Delph v. Astrue*, 538 F.3d 940, 945 (8th Cir. 2008). Medical improvement is defined as "any decrease in the medical severity of impairment(s) present at the time of the most recent favorable medical decision that" the claimant was "disabled or continued to be disabled and is determined by a comparison of prior and current medical evidence which must show that there have been changes (improvement) in the symptoms, signs, or laboratory findings associated with that impairment(s)." 20 C.F.R. § 404.1594(c)(1).

To determine the existence and extent of a claimant's medical improvement, the ALJ follows an eight-step sequential analysis. The analysis requires the ALJ to make a series of

factual findings about a claimant's impairments, residual functional capacity, age, education, and work experience. *See Delph*, 538 F.3d at 945. The Eighth Circuit has described the eight-step process as follows:

> (1) whether the claimant is currently engaging in substantial gainful activity; (2) if not, whether the disability continues because the claimant's impairments meet or equal the severity of a listed impairment; (3) whether there has been a medical improvement; (4) if there has been medical improvement, whether it is related to the claimant's ability to work; (5) if there has been no medical improvement or if the medical improvement is not related to the claimant's ability to work, whether any exception to medical improvement applies; (6) if there is medical improvement and it is shown to be related to the claimant's ability to work, whether all of the claimant's current impairments in combination are severe; (7) if the current impairment or combination of impairments is severe, whether the claimant has the residual functional capacity to perform any of his past relevant work activity; and (8) if the claimant is unable to do work performed in the past, whether the claimant can perform other work.

*Koch v. Kijakazi*, 4 F.4th 656, 661-62 (8th Cir. 2021) (citing *Dixon v. Barnhart*, 324 F.3d 997, 1000-01 (8th Cir. 2003)). If the claimant cannot perform other work, his disability continues, but if he can, he is no longer disabled. *Id*.

## III. THE ALJ'S DECISION

Before beginning the sequential eight-step analysis, the ALJ concluded that the most recent favorable decision finding that Plaintiff was disabled, the CPD, was the decision dated December 12, 2003. (Tr. 222). At the time of the CPD, Plaintiff had the following medically determinable impairments: schizophrenia, marijuana abuse, borderline intellectual functioning, and history of psychosis. *Id*. As of June 10, 2024, the ALJ determined that Plaintiff had medically determinable impairments of schizophrenia and generalized anxiety disorder. *Id*. The ALJ then made the following determinations during the eight-step disability evaluation process.

At step one, the ALJ concluded that Plaintiff had not, through the date of the decision, engaged in substantial gainful activity. *Id*. At step two, the ALJ concluded that Plaintiff did not have any impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1. *Id*. At step three, the ALJ found that medical improvement had occurred by no later than September 30, 2020. *Id*. Specifically, the ALJ noted that Plaintiff's treatment notes indicated he was doing well on his current medication regimen, reporting no hallucinations or other psychotic symptoms, and that he had been consistently working between 24 and 27 hours per week at Rally's for 8 years. *Id*. at

223, 226. By contrast, at the time of the CPD, Plaintiff's psychological symptoms prevented him from behaving in an emotionally stable manner, responding appropriately to supervision, working in proximity to others, or functioning independently in a work setting. *Id*. at 222.

At step four, the ALJ found that Plaintiff's medical improvement was related to his ability to work, as it resulted in an increase in his residual functional capacity[2] (RFC). *Id*. at 228. Step five was not relevant to the ALJ's analysis, due to the noted work-related medical improvement. At step six, the ALJ determined that Plaintiff had the severe impairments of schizoaffective disorder and generalized anxiety disorder, and that Plaintiff had those impairments since September 30, 2020. *Id*. At steps seven and eight, the ALJ found that Plaintiff had no past relevant work, because his earnings had never reached the level of substantial gainful activity. *Id*. at 229. The ALJ found that since September 30, 2020, Plaintiff had the RFC to perform full-time work at all exertional levels, with non-exertional limitations including simple, routine tasks with minimal changes, avoidance of fast-paced production work, and only occasional interaction with the public. (Tr. 225).

Additionally, after considering Plaintiff's age, education, and work experience, and in reliance on the testimony of a vocational expert, the ALJ went on to find that as of September 30, 2020, Plaintiff had the RFC to perform other occupations including laundry worker (Dictionary of Occupational Titles (DOT) No. 361.687-018, light exertion level, 210,000 jobs in the national economy); building cleaner (DOT No. 381.687-018, light exertion level, 1.5 million jobs in the national economy); kitchen porter (DOT No. 318.687-010, light exertion level, 500,000 jobs in the national economy); janitorial work (DOT No. 323.687-014, light exertion level, 900,000 jobs in the national economy); and dining attendant (DOT No. 311.677-010, light exertion level, 430,000 jobs in the national economy). (Tr. 229-30).

## IV. STANDARD FOR JUDICIAL REVIEW

This Court must affirm the Commissioner's decision if it complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole. *See* 42 U.S.C. §§ 405(g); 1383(c)(3); *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Pate-Fires v. Astrue*, 564 F.3d 935, 942 (8th Cir. 2009); *Estes v. Barnhart*, 275 F.3d 722, 724 (8th Cir. 2002). "Under the substantial-evidence standard, a court looks to an existing administrative record and asks

[2] A claimant's "residual functional capacity" is "the most a claimant can do despite [his] limitations." *Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir. 2009) (citing 20 C.F.R. § 404.1545(a)(1)).

whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Biestek v. Berryhill*, 587 U.S. 97, 102 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). "Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." *Pate-Fires*, 564 F.3d at 942; *see also Biestek*, 587 U.S. at 103 ("Substantial evidence . . . means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'") (quoting *Consolidated Edison*, 305 U.S. at 229).

In determining whether substantial evidence supports the Commissioner's decision, the Court considers both evidence that supports that decision and evidence that detracts from that decision. *Renstrom v. Astrue*, 680 F.3d 1057, 1063 (8th Cir. 2012). However, the Court "'do[es] not reweigh the evidence presented to the ALJ, and [it] defer[s] to the ALJ's determinations regarding the credibility of testimony, as long as those determinations are supported by good reasons and substantial evidence.'" *Id.* at 1064 (quoting *Gonzales v. Barnhart*, 465 F.3d 890, 894 (8th Cir. 2006)). "If, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the ALJ's findings, the court must affirm the ALJ's decision." *Partee v. Astrue*, 638 F.3d 860, 863 (8th Cir. 2011) (quoting *Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir. 2005)).

## V. Discussion

Plaintiff argues that the ALJ's determination of medical improvement and the RFC are not supported by substantial evidence on the record as a whole, because the record shows that Plaintiff remains affected by active psychosis and an inability to sustain full-time work. *See* Doc. [14] at 3, 6-7. He also argues that the ALJ erred when determining that Plaintiff did not satisfy the paragraph C criteria under listings 12.03, 12.04, and 12.06. *Id.* at 6-7, 8-9.

Defendant counters that the evidence on which Plaintiff relies is outside of the adjudicated period. The ALJ's decision encompassed the period between September 30, 2020, and June 10, 2024. But, as Defendant notes, the evidence that Plaintiff claims shows disabling symptoms involves appointments with health care providers occurring between October 2024 and February 2025. *See* Doc. [14] at 3 (citing Tr. 31, 39-43, and 52-55). Defendant argues that the same defect undermines Plaintiff's claim regarding the paragraph C criteria, as Plaintiff again relies on evidence outside the relevant period to support his claim, and that, in any event,

Plaintiff did not meet his burden of showing that his condition met the listing's requisite criteria. Doc. [15] at 10-11.

While post-adjudicated period evidence can demonstrate a later-acquired disability or show the deterioration of a previously non-disabling condition, it may not be relied upon to support remand. *See Turpin v. Colvin*, 750 F.3d 989, 994-95 (8th Cir. 2014). Additionally, the Appeals Council considered the post-adjudicated period evidence and found that it did not require reversal because the later evidence did not relate to the period at issue. (Tr. 1-6). *See also Box v. Shalala*, 52 F.3d 168, 171-72 (8th Cir. 1995) (evidence submitted to the Appeals Council which did not relate to the period on or before the date of the ALJ's decision did not support reversal or remand).

As described above, this Court's role is to determine whether the decision is supported by substantial evidence in the record as a whole. *See* 42 U.S.C. §§ 405(g); 1383(c)(3); *Richardson*, 402 U.S. at 401; *Pate-Fire*, 564 F.3d at 942; *Estes*, 275 F.3d at 724. As long as there is substantial evidence in the record that supports the decision, this Court may not reverse it because there is substantial evidence that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).

The Court has reviewed the entire transcript and the parties' briefs. Based on a careful review of the record as a whole, and for the reasons stated in the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit. The record contains substantial evidence supporting the ALJ's decisions on both of Plaintiff's points of appeal. *See Sledge v. Astrue*, 364 Fed. App'x 307 (8th Cir. 2010) (district court summarily affirmed the ALJ).

The Court acknowledges that the record contains conflicting evidence that could have led to a different conclusion. But this Court's task is not to reweigh the evidence presented to the ALJ. The weighing of the evidence here fell within the available "zone of choice," and the Court cannot disturb that decision merely because it might have reached a different conclusion. *See Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011).

## VI. Conclusion

Having reviewed the entire record, the Court determines that the decision of the ALJ is supported by substantial evidence.

Accordingly,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the decision of the Commissioner of Social Security is **AFFIRMED**.

Dated this 30th day of September, 2026.

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE